1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ROSE MCGOWAN, | Case No. 2:19-cv-09105-ODW (GJS) |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS** |
| v. | |
| HARVEY WEINSTEIN, et al., | |
| Defendants. | |

# [PROPOSED] ORDER

Defendants David Boies and Boies Schiller Flexner LLP's (collectively, the "BSF Defendants") Motion to Dismiss Plaintiff's Complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), came before this Court for hearing on May 11, 2020, at 1:30 p.m., the Honorable Otis D. Wright II presiding.  Having considered all papers, pleadings, and evidence submitted, and the oral argument presented, and good cause appearing, the Court finds as follows:

## Count One—Civil RICO, 18 U.S.C. § 1962(c)

The Court dismisses Count One and finds:

**No "pattern of racketeering activity."**  Plaintiff fails to state a RICO claim because Defendants' alleged "pattern of racketeering activity" has neither "closed-ended" nor "open-ended" continuity.  *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004).

**No standing**.  Plaintiff lacks standing to bring her RICO claim because she does not allege a non-speculative injury that is (i) compensable under RICO (*Canyon Cty v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008)); and (ii) directly caused by the alleged racketeering activity.  *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010).

**No allegations that the BSF Defendants "operated" or "managed" the "racketeering enterprise."**  Plaintiff fails to state a RICO claim because she has not alleged that the BSF Defendants "operated" or "managed" (or "directed" or "controlled") the RICO enterprise, which is required to hold legal professionals liable under RICO.  *Reves v. Ernst & Young*, 507 U.S. 170, 184 (1993); *see Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008); *see Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993).

///

///

///

## Count Two—Civil RICO Conspiracy, 18 U.S.C. § 1962(d)

The Court dismisses Count Two and finds:

**No substantive RICO violation**. Because Plaintiff's substantive RICO claim fails, her RICO conspiracy claim fails as well. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) ("plaintiffs cannot claim that a conspiracy to violate RICO [pursuant to 18 U.S.C. § 1962(d)] existed if they do not adequately plead a substantive violation of RICO") (citation omitted).

## Count Three—Federal Wiretap Act, 18 U.S.C. § 2520

The Court dismisses Count Three and finds:

**No secondary liability.**  Plaintiff fails to state a claim against the BSF Defendants under the Electronic Communications Privacy Act because the ECPA does not impose secondary liability for those who "procure[] any other person to intercept, disclose, or use" communications covered by the Act.  *See Kirch v. Embarq Management Co.*, 702 F.3d 1245, 1246-47 (10th Cir. 2012); *Doe v. GTE Corp.*, 347 F.3d 655, 659 (7th Cir. 2003); *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000).

**The recordings complied with the ECPA.**  Plaintiff's ECPA claim fails because the ECPA permits recordings where the person recording the communication "is a party to the communication."  18 U.S.C. § 2511(2)(d). Plaintiff admits that Black Cube—a party to the communications—consented to the recording.  And Plaintiff  offers no facts to indicate anyone made any recording "for the purpose of committing any criminal or tortious act."  *Id.; see also Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1201-02 (9th Cir. 1999).

## Count Four (Fraudulent Deceit, Cal. Civ. Code § 1709) and Count Five (Common Law Fraud)

The Court dismisses Counts Four and Five and finds:

**No compensable damages**.  Plaintiff fails to state a claim for statutory or common law fraud because she alleges no monetary losses and emotional distress

damages are only compensable in connection with monetary harm.  *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240 (1995); *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1269 (1989).

### Count Six—Bane Act (Cal. Civ. Code § 52.1)

The Court dismisses Count Six and finds:

**No speech that threatened violence**.  Plaintiff's Bane Act claim fails because she does not allege that any Defendant "interfered with" or "attempted to interfere with" her constitutional rights "by threats, intimidation, or coercion."  Cal. Civ. Code § 52.1(a)-(b).  Nor does she allege that any Defendant used speech to "threaten" violence, or that she reasonably feared physical violence would be committed against her by a person who had the apparent ability to do so.  *Id*. at § 52.1(k).

### Count Eight—Computer Crimes (Cal. Penal Code § 502)

The Court dismisses Count Eight and finds:

**No causality.**  Plaintiff's Section 502 claim fails because it confuses the causality requirement in Section 502(c)(1), erroneously alleging that Defendants engaged in "a scheme or artifice to defraud" in order to gain access to Plaintiff's manuscript on her computer (Compl., ¶¶ 192-95), instead of accessing the data "in order to . . . defraud, deceive, or extort," as the statute requires.

**No "access" "without permission" in California.**  Plaintiff's claim is further barred in California because Plaintiff expressly alleges that Defendants' "access" in California was *with* her permission.  The only "access" she alleges occurred without her permission took place in New York, and Section 502 does not apply extraterritorially.  *Terpin v. AT&T Mobility, LLC,* 399 F. Supp. 3d 1035, 1047-48 (C.D. Cal. 2019).

///

///

///

3

[PROPOSED] ORDER GRANTING DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

## Count Nine—Conversion

The Court dismisses Count Nine and finds:

**No complete dispossession of Plaintiff's property**.  Plaintiff's conversion claim fails under New York and California law because she has not alleged that any Defendant "exercise[d] [ ] unauthorized dominion and control" of her manuscript to her "complete exclusion."  *Harper & Row Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 199, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985); *Jurisearch Holdings, LLC v. Lawriter, LLC,* 2009 WL 10670588, at *7 (C.D. Cal. Apr. 13, 2009).

## Count Ten—Intentional Infliction of Emotional Distress

The Court dismisses Count Ten and finds:

**Insufficient factual showing of claims outside the statute of limitations.** Plaintiff's IIED claim fails because she seeks to recover for conduct that occurred outside the two-year statute of limitations and she fails to plead application of the "discovery rule."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806-07 (2005).

## Count Eleven—Negligent Hiring and Supervision

The Court dismisses Count Eleven and finds:

**No breach of duty or proximate cause**.  Plaintiff's claim for negligent hiring and supervision fails because she has not alleged that the BSF Defendants breached any duty to hire/supervise properly, or that negligent hiring and supervision was the proximate cause of a foreseeable harm.  *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139-40 (2009).

///
///
///
///
///

[PROPOSED] ORDER GRANTING DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1    **IT IS THEREFORE ORDERED** that the BSF Defendants' Motion to

2    Dismiss Plaintiff's Complaint is **GRANTED**.

3    Because leave to amend would be futile given these legal defects, Plaintiff's

4    Complaint is **DISMISSED WITH PREJUDICE**.

5

6    **IS IT SO ORDERED**.

7

8    DATED:_____, 2020

9

10

11    _____

12    Hon. Otis D. Wright II
      United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S
MOTION TO DISMISS