KENDALL BRILL & KELLY LLP
Janet I. Levine (State Bar No. 94255)
  *jlevine@kbkfirm.com*
Robert E. Dugdale (State Bar No. 167258)
  *rdugdale@kbkfirm.com*
Sarah E. Moses (State Bar No. 291491)
  *smoses@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Defendants David Boies
and Boies Schiller Flexner LLP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSE MCGOWAN,<br><br>              Plaintiff,<br><br>    v.<br><br>HARVEY WEINSTEIN, et al.,<br><br>              Defendants. | Case No. 2:19-cv-09105-ODW (JPR)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP TO DISMISS PLAINTIFF ROSE MCGOWAN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed concurrently with [Proposed] Order*<br><br>Date:  June 14, 2021<br>Time:  1:30 p.m.<br>Place:  Courtroom of the Honorable Otis D. Wright II<br><br>Trial Date:  Not yet set |

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

## <u>NOTICE OF MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 14, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5D of this Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendants David Boies and Boies Schiller Flexner LLP ("BSF") (collectively, the "BSF Defendants") will and hereby do move this Court for an order dismissing Claims 1, 2, 6, 7, and 8 of Plaintiff Rose McGowan's First Amended Complaint, Dkt. No. 69.

The BSF Defendants move on the grounds that, pursuant to Federal Rule of Civil Procedure 12(b)(6), as to Claims 1, 2, 6, 7 and 8, McGowan fails to state any claim against them upon which relief can be granted.  This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support of the Motion filed concurrently herewith, the record in this action, and any evidence and argument that may be presented at or before the hearing on the Motion.

This Motion is made following the conference of counsel required pursuant to Local Rule 7-3, which took place on March 12, 2021.

DATED:  March 23, 2021          Respectfully submitted,

KENDALL BRILL & KELLY LLP


By: ___s/Janet I. Levine___
          Janet I. Levine
          Attorneys for Defendants David Boies
          and Boies Schiller Flexner LLP

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1
DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

Page

I.   INTRODUCTION .................................................................................................... 1

II.  SUMMARY OF THIS ACTION ........................................................................... 2

    A.   McGowan's Initial Complaint ...................................................................... 2

    B.   The Court's Order Dismissing Almost All of McGowan's Claims. ...................................................................................................... 4

    C.   McGowan's First Amended Complaint. ........................................................ 5

III. ARGUMENT ......................................................................................................... 7

    A.   McGowan's Amended RICO Claims Should be Dismissed. ...................... 7

        1.   McGowan Does Not Satisfy RICO's Continuity Requirement Because She Has Not Properly Alleged That Her Newly-Identified Victims Were Victims of Racketeering Activity. ................................................................. 9

            (a)   Sexual Assault Allegations.......................................... 11

            (b)   Legal Settlement Allegations ...................................... 12

            (c)   Alleged Efforts to Suppress Newspaper and Magazine Stories About Weinstein.............................. 12

        2.   McGowan Lacks RICO Standing Because She Has Not Sustained an Injury to Her Business or Property Directly Caused by the Racketeering Conduct She Alleges.................... 13

        3.   McGowan Has Not Alleged Facts Showing the BSF Defendants Operated or Managed a Racketeering Enterprise. ................................................................................ 15

        4.   McGowan's RICO Conspiracy Claim Also Fails. ..................... 16

    B.   McGowan's Amended CDAFA Claim Fails to Plead "Access" Sufficiently ............................................................................................. 16

    C.   McGowan's Amended IIED Claim Fails to Establish a Cause of Action Within the Statute of Limitations.................................................. 19

    D.   McGowan's Amended Negligent Hiring and Supervision Claim Fails to Plead Liability Sufficiently ........................................................ 21

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

i

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

E.    The Court Should Dismiss Claims 1, 2, 6, 7, and 8 With
      Prejudice.................................................................................................23

F.    Given McGowan's Failure to Properly Plead Any Federal Claim,
      This Court Should Decline to Exercise Supplemental Jurisdiction
      Over Any Surviving State-Law Claims .................................................24

IV.   CONCLUSION .................................................................................................25

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Acri v. Varian Assocs., Inc.,*
114 F.3d 999 (9th Cir. 1977) ................................................................24

*Albrecht v. Lund,* 845 F.2d 193 (9th Cir.),
*amended*, 856 F.2d 111 (9th Cir. 1988) ...............................................23

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006) ............................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................4

*Avalos v. Baca*,
596 F.3d 583 (9th Cir. 2010) ..............................................................12

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ................................................................4

*Baumer v. Pachl*,
8 F.3d 1341 (9th Cir. 1993) ................................................................15

*Beck v. Prupis*,
529 U.S. 494 (2000) .........................................................................7, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................4, 19

*Berg v. First State Ins. Co.*,
915 F.2d 460 (9th Cir. 1990) ..............................................................14

*Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants, S.R.L.*,
832 F. Supp. 585 (E.D.N.Y. 1993) ......................................................15

*Canyon Cty. v. Syngenta Seeds, Inc.*,
519 F.3d 969 (9th Cir. 2008) ................................................................7

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988) ............................................................................24

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

*Cordas v. HSBC Bank USA, N.A.*,
  2011 WL 13227783 (C.D. Cal. May 13, 2011)...................................................24

*Curry v. Yelp Inc.*,
  875 F.3d 1219 (9th Cir. 2017)............................................................................23

*Cwick v. Life Time Fitness, Inc.*,
  2004 WL 2065063 (D. Minn. Sept. 2, 2004) ......................................................11

*Doe v. Roe*,
  958 F.2d 763 (7th Cir. 1992) ..............................................................................14

*E.G. by & through Lepe v. Maldonado*,
  2014 WL 5472654 (N.D. Cal. Oct. 28, 2014)......................................................25

*H.J. Inc. v. Nw. Bell Tel. Co.*,
  492 U.S. 229 (1989) ..............................................................................................7

*Hahn v. Rothman*,
  2010 WL 11515464 (C.D. Cal. Jan. 12, 2010).....................................................7

*Hemi Group, LLC v. City of New York*,
  559 U.S. 1 (2010) ...........................................................................................13, 14

*Henry Schein, Inc. v. Cook*,
  2017 WL 783617 (N.D. Cal. Mar. 1, 2017) ........................................................17

*Howard v. Am. Online, Inc.*,
  208 F.3d 741 (9th Cir. 2000) ................................................................................7

*Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*,
  2017 WL 877311 (E.D. Pa. Mar. 3, 2017) .........................................................12

*Kelly v. United States*,
  140 S. Ct. 1565 (2020) .............................................................................9, 10, 11

*Lenk v. Monolithic Power Sys., Inc.*,
  2017 WL 4586832 (N.D. Cal. June 1, 2017) ......................................................25

*New Box Sols., LLC v. Davis*,
  2018 WL 4562764 (C.D. Cal. Sept. 18, 2018).....................................................17

*Nowak v. Xapo, Inc.*,
  2020 WL 6822888 (N.D. Cal. Nov. 20, 2020)......................................................19

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

iv

*Porter v. Jones*,
    319 F.3d 483 (9th Cir. 2003) ............................................................................4

*Prime Partners IPA of Temecula, Inc. v. Chaudhuri*,
    2012 WL 1669726 (C.D. Cal. May 14, 2012) ........................................2, 13, 24

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ........................................................................................15

*Rezner v. Bayerishche Hypo-Und Vereinsbank AG*,
    630 F.3d 866 (9th Cir. 2010) .........................................................................13

*Rich v. Shrader*,
    823 F.3d 1205 (9th Cir. 2016) .......................................................................23

*Ritchie v. Sempra Energy*,
    2013 WL 12171757 (S.D. Cal. Oct. 15, 2013) ...............................................11

*Rosenblatt v. City of Santa Monica*,
    2017 WL 2909404 (C.D. Cal. May 24, 2017),
    *aff'd*, 940 F.3d 439 (9th Cir. 2019) ...............................................................25

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) .........................................................................16

*Satmodo, LLC v. Whenever Commc'ns, LLC*,
    2017 WL 6327132 (S.D. Cal. Dec. 8, 2017) ..................................................18

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
    473 U.S. 479 (1985) ..........................................................................................7

*Sybersound Records, Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008) .......................................................................14

*Terpin v. AT&T Mobility, LLC*,
    399 F. Supp. 3d 1035 (C.D. Cal. 2019) ..........................................................19

*United States v. Botsvynyuk*,
    552 F. App'x 178 (3d Cir. 2014) ....................................................................11

*United States v. Christensen*,
    828 F.3d 763 (9th Cir. 2015) .........................................................................17

*United States v. Holmes*,
    2020 WL 66656 (N.D. Cal. Feb. 11, 2020) ....................................................10

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

v

*United States v. Miller*,
    953 F.3d 1095 (9th Cir. 2020) ........................................................................ 10

*W. Assocs. Ltd. P'ship, ex rel. v. Market Square Assocs.*,
    235 F.3d 629 (D.C. Cir. 2001) ......................................................................... 8

*Walter v. Drayson*,
    538 F.3d 1244 (9th Cir. 2008) ........................................................................ 15

*Wegner v. Wells Fargo Bank, N.A.*,
    791 F. App'x 669 (9th Cir. 2020) ................................................................... 11

**California Cases**

*Doe v. Capital Cities*,
    50 Cal. App. 4th 1038 (1996) ......................................................................... 23

*Federico v. Superior Court (Jenry G.)*,
    59 Cal. App. 4th 1207 (1997) ......................................................................... 22

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005) .................................................................................... 20

*Jolly v. Eli Lilly & Co.*,
    44 Cal. 3d 1103 (1988) ................................................................................... 21

*Norwest Mortg., Inc. v. Superior Court*,
    72 Cal. App. 4th 214 (1999) ........................................................................... 19

*Phillips v. TLC Plumbing, Inc.*,
    172 Cal. App. 4th 1133 (2009) ....................................................................... 22

**Federal Statutes and Rules**

18 U.S.C. § 1961(1) .............................................................................................. 7

18 U.S.C. § 1962(c) ..................................................................................... *passim*

18 U.S.C. § 1962(d) ..................................................................................... 14, 16

18 U.S.C. § 1964(c) .............................................................................................. 14

28 U.S.C. § 1447(c) .............................................................................................. 24

Fed. R. Civ. Proc. 8(a)(2) ...................................................................................... 4

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

Fed. R. Civ. Proc. 9(b) ............................................................................. 19

Fed. R. Civ. Proc. 12(b)(6) ....................................................................... 4

**California Statutes**

Cal. Penal Code § 502 ...................................................................17, 18, 19

Cal. Penal Code § 502(a) ......................................................................... 17

Cal. Penal Code § 502(b)(1) ..................................................................... 17

Cal. Penal Code § 502(c)(1) ..................................................................5, 16

Cal. Penal Code § 502(c)(2) ..................................................................... 17

Cal. Penal Code §502(c)(7) ...................................................................... 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On December 7, 2020, this Court dismissed nine of McGowan's original 11 claims, including all of her federal claims, for failure to state a claim; only two state fraud claims survived.  The Court's careful order identified deficiencies in her claims,[1] specifying the type of factual allegations that were missing and explaining the legal standards that must be met to replead those claims in the event she actually has the facts necessary to allege them.

McGowan's first amended complaint ("FAC") repleads most, but not all, of the dismissed claims but fails to remedy their many deficiencies.  Her FAC seeks to add more color to the conduct set forth in the original complaint—mainly by adding references to salacious, yet irrelevant, incidents involving third parties lifted principally from various books and articles—but it adds virtually nothing of substance and certainly not enough to save her still legally deficient claims.

As a result, McGowan's restated RICO claim (Claim 1) again fails because, despite the inclusion of allegations involving newly-identified individuals, she still (1) alleges only a single alleged wire fraud with a single victim, and thus does not establish a closed-ended pattern of, or open-ended, ongoing, racketeering activity; (2) fails to establish RICO standing as she does not allege an injury cognizable under RICO that was directly caused by racketeering activity; and (3) ignores (again) that the BSF Defendants, as lawyers, cannot be held liable under RICO absent their management or operation of a RICO enterprise, allegations which McGowan fails to supply.  Her RICO conspiracy claim (Claim 2) likewise fails given the inadequacy of her substantive RICO claim.

---

[1] The Court did not address all of the issues raised in the BSF Defendants' Motion to Dismiss the original complaint, holding that substantial threshold defects in the dismissed claims did not require analysis of additional reasons why her claims merited dismissal.  Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss, at 22 n.12, 31 n.16 (Dec. 7, 2020), Dkt. No. 66 (hereinafter, "Order").  Such issues not previously addressed by the Court are raised anew here.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

McGowan's computer intrusion claim (Claim 6) fails because she does not establish the threshold element of "access" to a computer system required to state such a claim, supplying baseless speculation in lieu of well-pled facts.  And both her IIED and negligent hiring claims (Claims 7 and 8) are untimely, and she has not adequately pled delayed discovery to toll the statute of limitations.  Her negligent hiring claim also fails because McGowan does not plead the elements of breach of the duty to hire/supervise properly or offer sufficient allegations to show the negligent hiring and supervision she asserts was the proximate cause of a foreseeable harm.

At bottom, McGowan's second attempt properly to plead her claims fails despite the clear directions from this Court.  This failure confirms that the deficiencies in McGowan's claims cannot be cured and further amendment would be futile.  *Prime Partners IPA of Temecula, Inc. v. Chaudhuri*, 2012 WL 1669726, at *12 (C.D. Cal. May 14, 2012) (Wright, J.) (dismissing with prejudice where plaintiffs were "aware of the significant pleading deficiencies" but "made only meager factual amendments," thereby indicating "that any attempt to amend . . . would be futile").  Accordingly, this Court should dismiss with prejudice McGowan's lone remaining federal claims (Claims 1 and 2), as well as her state-law claims for computer intrusion, intentional infliction of emotional distress, and negligent hiring (Claims 6, 7, and 8).

## II.    SUMMARY OF THIS ACTION

### A.    McGowan's Initial Complaint.

The scattershot allegations in McGowan's initial complaint namedrop a litany of people who supposedly wronged McGowan (many of whom are not included as defendants), including various lawyers, some of whom represented her and some of whom did not, publishers, agents, studio executives, and even the ex-wife of an ex-boyfriend.  Regarding the more sparse allegations concerning David Boies and BSF contained in her initial complaint, McGowan alleged that Harvey Weinstein

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

("Weinstein") utilized Boies, with whom Weinstein had a long-standing attorney-client relationship, and BSF to assist him in retaining an investigative agency named "Black Cube" that Weinstein wished to hire to probe the nature and source of allegations being made against him and to try to gather information that could support an effort to put a stop to negative stories about him.  Compl. ¶¶ 16, 34-38. To this end, according to McGowan, the BSF Defendants engaged Black Cube on Weinstein's behalf via two agreements—an initial agreement in October 2016, and a second in July 2017.  *Id.* ¶¶ 36, 99.  Both included written assurances that Black Cube's investigative techniques had been vetted by attorneys and that its investigators would comply with the law in providing their services.  *Id.* ¶ 37.

In the aftermath of the BSF Defendants providing this limited, professional service for a long-time client, McGowan alleged that, over about nine months, individuals McGowan identifies as Black Cube "operatives" (1) misidentified who they were in an attempt to befriend her and gain her trust; (2) occasionally spoke with her over the telephone, met with her a handful of times, and intermittently exchanged e-mails with her; and/or (3) surreptitiously tape-recorded some of their conversations with her, all for the alleged purpose of obtaining insight into McGowan's then-unpublished and unfinished memoir, which reportedly included allegations against Weinstein and which was subsequently published in January 2018.  *Id.* ¶¶ 64-67, 70-72, 75-77, 97, 103-05, 107-10, 121-22, 127.

Resting on these allegations concerning a single alleged scheme that took place over several months to gain pre-publication access to a book that has now been published, McGowan asserted a bloated series of claims against Weinstein, Black Cube, attorney Lisa Bloom and her law firm, and the BSF Defendants, including a RICO claim, a RICO conspiracy claim, violations of the Wiretap Act, two state-law fraud claims, violations of the Bane Act, invasion of privacy, violations of the Computer Data Access and Fraud Act ("CDAFA"), conversion, intentional infliction of emotional distress ("IIED"), and negligent hiring.  While

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

this list of claims was extensive, the non-conclusory factual assertions supporting them was anything but, particularly insofar as any attempt was made to allege wrongdoing on the part of the BSF Defendants, as McGowan's complaint offered no facts showing how BSF's lawyers engaged in "racketeering" or any other actionable behavior by providing a professional service for a long-time client.

### B. The Court's Order Dismissing Almost All of McGowan's Claims.

On December 7, 2020, this Court granted a motion to dismiss all of McGowan's federal claims and all but two of her supplemental state claims. In so ruling, the Court set forth the standard that applies to Rule 12(b)(6) motions:

> Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

Order at 6-7.

This Court found McGowan's original RICO claims fatally defective because they did not properly allege that Defendants had engaged in a pattern of racketeering activity featuring either the "closed-ended" or "open-ended" continuity mandated under RICO. Order at 8-14. Specifically, McGowan had failed to allege "closed-ended continuity" because her allegations involved a single plan, a single purpose, and a single goal, namely, "to protect Weinstein's reputation by silencing and/or discrediting McGowan" (*id.* at 11-12), and failed to allege "open-ended continuity"

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

4

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

because the purported goal of silencing her through the single alleged wire fraud scheme reached an endpoint when the book, which was purportedly the target of the scheme, was published. *Id.* at 13-14.

With regard to the supplemental state claims McGowan repleads in the FAC, the Court ruled that (1) McGowan's CDAFA claim was deficient because she failed to allege that the Defendants altered, damaged, deleted, or destroyed any computer data, as required to prove a violation of California Penal Code Section 502(c)(1) (*id.* at 22-25); and (2) her IIED and negligent hiring claims failed because both were barred by the applicable two-year statute of limitations and she failed to allege a basis for tolling these claims. *Id.* at 28-31.

### C. McGowan's First Amended Complaint.

The Court provided McGowan with an opportunity to amend her dismissed claims along with a clear roadmap for how to do so properly.[2]  McGowan, however, has done nothing to cure her failure to allege anything more than a single scheme based on a purported wire fraud, where McGowan was the only victim of any conduct that could arguably be considered racketeering conduct.  In the few instances in the FAC where McGowan includes new allegations concerning the BSF Defendants, none of these allegations amount to a new claim that the BSF Defendants engaged in wire fraud or any other type of racketeering activity not previously considered by the Court when it dismissed McGowan's RICO claims as initially pled.  Instead, the FAC adds the following allegations, which do not cure the failures in the original complaint:

\*       Allegations that Weinstein sexually harassed and assaulted women in addition to McGowan, conduct which is neither racketeering activity nor which allegedly involved any other Defendant (FAC ¶¶ 22-25, 30-32);

---

[2] In the FAC, McGowan abandons the federal wiretap, Bane Act, and conversion claims asserted in her initial complaint and previously dismissed by this Court.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

5

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1    *    Allegations that Boies "knew that Weinstein had entered into legal

2    settlements with women who had accused Weinstein of sexual assault" and, acting

3    as Weinstein's legal advocate, tried to convince reporters not to publish stories

4    about Weinstein's alleged sexual misconduct, assembled evidence to impeach those

5    who were accusing Weinstein of wrongdoing, and met with the District Attorney's

6    Office to discuss the allegations against Weinstein—all alleged conduct that was not

7    remotely unlawful, let alone undertaken in violation of RICO (*id.* ¶¶ 29, 33-34);

8    *    Allegations that two "operatives" purportedly affiliated with Black

9    Cube spoke with journalist Ben Wallace on a handful of occasions, to no apparent

10   end, as Wallace ceased communication with both without disclosing anything

11   concerning his reporting after he grew suspicious of them (*id.* ¶¶ 51-54);

12   *    Allegations that Weinstein convinced *New York Magazine* journalists

13   to "halt their reporting" of his alleged wrongdoing after demanding they meet with

14   his lawyers and investigators—allegations offering no hint of how "demand[ing] a

15   meeting" constitutes criminal, let alone racketeering, conduct (*id.* ¶ 57);

16   *    Allegations that Black Cube generated a list of individuals "to be

17   investigated, discredited, and silenced," including journalists and women Weinstein

18   had purportedly raped, and prepared a "dossier" discussing information concerning

19   one of Weinstein's accusers, Annabella Sciorra.  *Id.* ¶¶ 59-61.

20        None of these new allegations—which all appear to have been lifted directly

21   from books and periodicals—assert that any of the Defendants, including the BSF

22   Defendants, obtained any money or property from these newly-named figures as a

23   result of any act of fraud or deception, negating the notion that any of these

24   individuals were victims of a wire fraud.  Nor do they otherwise constitute RICO

25   predicate acts.  And, even in McGowan's own case, the FAC persists in its failure to

26   allege facts demonstrating that her purported economic losses were directly caused

27   by the racketeering conduct she alleges.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

6
DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

### III.    ARGUMENT

#### A.    McGowan's Amended RICO Claims Should be Dismissed.

As this Court's December order set forth, to state a RICO claim a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" (known as "predicate acts") (5) causing injury to plaintiff's business or property. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "A 'pattern of racketeering activity' requires at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1), within a period of ten years." *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008). These predicate acts must be related to one another, non-sporadic, and "continuous" to establish the requisite "pattern." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-43 (1989). To satisfy the continuity requirement, a plaintiff must plead and prove "either 'a series of related predicates extending over a substantial period of time [, i.e., closed-ended continuity],' . . . or 'past conduct that by its nature projects into the future with a threat of repetition[, i.e. open-ended continuity]'." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) (quoting *H.J. Inc.*, 492 U.S. at 241-42). *See* Order at 8.

RICO liability requires the commission of predicate racketeering offenses listed at 18 U.S.C. section 1961(1). *Beck v. Prupis*, 529 U.S. 494, 497 n.2 (2000) ("Section 1961(1) contains an exhaustive list of acts of 'racketeering' commonly referred to as 'predicate acts.'"). Conduct not identified as "racketeering activity" in section 1961(1) cannot be used to establish a pattern of racketeering activity. *Hahn v. Rothman*, 2010 WL 11515464, at *3-4 (C.D. Cal. Jan. 12, 2010) (no pattern of racketeering where five of six acts alleged did not qualify as RICO predicate acts).

This Court has already ruled that the non-conclusory allegations in McGowan's original complaint failed to properly allege either the closed-ended or open-ended continuity necessary to establish a pattern of racketeering activity. The Court found that McGowan (1) failed to properly allege closed-ended continuity

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

7

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

because her complaint "le[ft] no question that [her] allegations relate to a singular plan and purpose regarding McGowan and her book" rather than the type of multi-faceted scheme involving multiple victims needed to establish closed-ended continuity; and (2) failed to properly allege open-ended continuity because her allegations addressed conduct that was not ongoing and that could not be repeated in the future.  *See* Order at 11-12 ("Defendants' scheme as alleged in the Complaint had a single victim and a single goal—to protect Weinstein's reputation by silencing and/or discrediting McGowan via wire fraud"); *id.* at 14 ("Defendants operated with a singular goal, to protect Weinstein's reputation by stopping the publication of *Brave* and attempting to discredit McGowan," conduct which "could [not] be pursued anew").

In the face of the Court's guidance showing why McGowan's RICO claims failed in her original complaint, McGowan presents an assortment of new allegations of (a) Weinstein's other alleged sexual assaults and subsequent efforts to harm the reputations of those he assaulted; (b) legal settlements those alleged victims entered into with Weinstein; and (c) supposed efforts to "kill" news stories that portrayed Weinstein in a negative light.  *See, e.g.*, FAC ¶¶ 22-25, 29-35, 51-61, 158.  With these additions, McGowan apparently hopes to satisfy RICO's continuity requirement by claiming the existence of a multi-faceted scheme involving injuries sustained by multiple victims.  But, in the end, this is an illusion.  *See, e.g.*, *W. Assocs. Ltd. P'ship, ex rel. v. Market Square Assocs.*, 235 F.3d 629, 634 (D.C. Cir. 2001) (affirming dismissal of amended RICO claim where the amended complaint was "merely a cosmetic disguise of a single scheme").  Even the barest scrutiny of these new allegations shows clearly that none of these newly-identified individuals were victims of ***any racketeering activity*** allegedly engaged in by the racketeering enterprise she imagines.  And, more particularly, ***none*** of the new allegations involving these alleged victims can properly be classified as instances of wire fraud, the sole type of racketeering activity alleged.  Thus, the FAC, like McGowan's

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

8

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

original complaint, suffers the fatal flaw of alleging nothing more than a single purported scheme where a single alleged victim (McGowan) claims she was a victim of a racketeering crime, and McGowan's amended RICO claims again fail as a matter of law.  *See* Order at 11 (recognizing that "'a single alleged fraud with a single victim' does not constitute a closed-ended pattern of racketeering activity").

McGowan also continues to lack standing to bring a RICO claim—as she does not allege she sustained an injury directly caused by any racketeering activity—and, even if she had, those claims fail for another reason: as attorneys, the BSF Defendants cannot be held civilly liable under RICO absent facts showing they managed or operated a RICO enterprise, facts McGowan does not and cannot allege.

### 1.   McGowan Does Not Satisfy RICO's Continuity Requirement Because She Has Not Properly Alleged That Her Newly-Identified Victims Were Victims of Racketeering Activity.

Having been instructed by this Court that the allegations in her original complaint failed to satisfy the continuity element of a properly-stated RICO claim because they only claimed a single alleged fraud involving only McGowan as a victim, McGowan attempts to dress up the FAC by claiming that a host of other individuals were also victimized by the alleged racketeering enterprise.  But McGowan has not alleged that any of these newly-identified individuals were victims of wire fraud or any other predicate racketeering activity.  Thus, these new allegations do nothing to remedy McGowan's failure to demonstrate a pattern of racketeering activity that doomed her initial complaint, and as a result, the RICO claims in the FAC also must be dismissed, this time with prejudice.

While McGowan claims that a host of other people were victims of wire fraud perpetrated by the Defendants' supposed racketeering enterprise, her actual allegations say no such thing.  The wire fraud statute "prohibits only deceptive schemes ***to deprive the victim of money or property***."  *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) (internal quotation marks and brackets omitted) (emphasis added).  Thus, to state a claim for wire fraud, McGowan must allege not only that

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

Defendants "engaged in deception," but also that their deceit "had the **'object' of obtaining** [the victim's] money or property." *See id.* at 1571-72; *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020). It is not enough that a loss of money or property occurred as an "incidental byproduct" of the fraud. *Kelly*, 140 S. Ct. at 1573.

In *Kelly*, for instance, state officials devised a scheme to punish a local mayor for failing to endorse the incumbent Governor, and they carried out the scheme by directing the Port Authority of New York to realign commuter lanes to restrict access from the mayor's city. *Id.* at 1568. In an attempt to satisfy the "money or property" requirement of wire fraud, the prosecutors argued that the state officials sought to "deprive" the Port Authority of the costs of compensating the employees who effectuated the lane realignment. *Id.* at 1572. In rejecting this argument, a unanimous Supreme Court held that the wire fraud claim could not stand because, although the scheme resulted in some "economic loss" to the Port Authority, it was not the state officials' object to **obtain** the Port Authority's money for themselves. *Id.* at 1573-74. In other words, the Port Authority's economic loss was "an incidental (even if foreseen) byproduct" of the scheme—insufficient to satisfy the statute's "money or property" requirement. *Id.* at 1574.

A conclusory, "bare-bones recitation that Defendants intended to deprive [the victims] of money or property" will not suffice. *United States v. Holmes*, 2020 WL 66656, at *19 (N.D. Cal. Feb. 11, 2020) (dismissing RICO claims where the "bare-bones recitation that [d]efendants intended to deprive [victims] of money or property d[id] not provide the 'meat on the bones' sufficient to satisfy the fair notice requirement"). Put simply, none of McGowan's new allegations demonstrate any Defendant, let alone a purported racketeering enterprise, committed a wire fraud because they do not state Defendants engaged in a deceptive scheme with the object of obtaining their victims' money or property. As a result, these new allegations do not cure McGowan's failure properly to allege a pattern of racketeering activity.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

10
DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

(a)     Sexual Assault Allegations

The FAC, like McGowan's initial complaint, broadly alleges that Defendants "all work[ed] with a single mission: to protect Weinstein's reputation, to suppress negative information about him, and to silence and discredit his accusers."  FAC ¶ 5. The FAC adds, to this end, that Weinstein retaliated against his sexual assault victims by maligning and discrediting them.  *See id.* ¶ 22 (alleging "Weinstein retaliated against [Ashely Judd] by torpedoing her chances to work on several movies by falsely telling others that Judd was 'a nightmare to work with'"); *id.* ¶ 33 (alleging Defendants attempted to "discredit [Ambra Battilana] Gutierrez").

These allegations do not state—at all—that Defendants, by any act of deceit, sought to obtain money or property from any of these individuals.  That certain individuals may have "suffered career setbacks" or "lost acting opportunities" (*see id.* ¶ 23) is, at best, an incidental byproduct of a purported scheme to "discredit [Weinstein's] accusers."  Under *Kelly*, it is not enough that these individuals may have experienced incidental economic loss as a result of the scheme.  To meet the statute's "money or property" requirement, the object of Defendants' scheme must have been for the Defendants to obtain the RICO victims' money or property for themselves.  That is not alleged here, and these allegations do not amount to a proper wire fraud claim.[3]

---

[3] Defamation is not a RICO predicate act.  *Wegner v. Wells Fargo Bank, N.A.*, 791 F. App'x 669, 671 (9th Cir. 2020) ("[plaintiff's] first RICO cause of action was properly dismissed because it is based on defamation, which is not a predicate act under RICO"); *Ritchie v. Sempra Energy*, 2013 WL 12171757, at *4 (S.D. Cal. Oct. 15, 2013) (finding "alleged 'smear campaign,'" assumed true, stated a claim for defamation, but that "[d]efamation is not an enumerated predicate RICO offence").  Nor is sexual assault or harassment.  *United States v. Botsvynyuk*, 552 F. App'x 178, 183-84 (3d Cir. 2014) (sexual assault may not be considered a racketeering activity); *Cwick v. Life Time Fitness, Inc.*, 2004 WL 2065063, at *3 (D. Minn. Sept. 2, 2004) ("sexual harassment and criminal sexual assault are not predicate acts under RICO").  Accordingly, whether these allegations are read to encompass Weinstein's alleged sexual assaults—which, of course, did not involve the BSF Defendants in any way—or any purported efforts to subsequently "malign" his victims, they are untethered to any legitimate wire fraud claim or other recognized racketeering predicate act.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

(b)    Legal Settlement Allegations

The FAC also alleges that certain of Weinstein's sexual assault victims entered into settlement agreements with Weinstein and that the BSF Defendants "knew that Weinstein had entered into legal settlements with women who had accused Weinstein of sexual assault."  FAC ¶¶ 24, 29; *see also id.* ¶ 33 (alleging that Defendants "met with the District Attorney's office" regarding Gutierrez's claim she had been assaulted by Weinstein).  Once again, such allegations add nothing to showing any Defendant engaged in a pattern of racketeering activity.

Entering into (or having knowledge of) "legal settlements" or meeting with opposing counsel is not illegal, let alone a RICO predicate act.  *See Avalos v. Baca*, 596 F.3d 583, 593 (9th Cir. 2010) (procuring a settlement or waiver is not a RICO predicate act); *Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, 2017 WL 877311, at *10 (E.D. Pa. Mar. 3, 2017) (communications and settlements conducted in judicial chambers or legal offices cannot be RICO predicate acts).  To hold otherwise, "absent significant proof of fraudulent misrepresentation, . . . would have far reaching and ominous consequences."  *Impala Platinum Holdings Ltd.*, 2017 WL 877311 at *10.  In short, these allegations, which reflect no criminal conduct whatsoever on anyone's part, do not amount to wire fraud.

(c)    Alleged Efforts to Suppress Newspaper and Magazine Stories About Weinstein

Finally, McGowan alleges the Defendants committed wire fraud by "obtaining or stopping the printing of intellectual property contained within various newspapers and magazines, including *The New York Times*, the *New Yorker*, and *New York Magazine.*"  FAC ¶ 158; *id.* ¶ 29 ("Boies guided Weinstein in convincing *The New Yorker* . . . not to publish stories about Weinstein's alleged 1998 sexual assault"); *id.* ¶ 33 (Defendants "convinced reporters not to publish a story about

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

12

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1  Weinstein's sexual-abuse history"); *id.* ¶ 57 ("the Weinstein racketeering enterprise

2  succeeded.  Wallace and Moss decided to halt their reporting on Weinstein").

3        Again, these new allegations do not claim Defendants ***took*** any money or

4  property from anyone, and while McGowan sprinkles the buzzword "obtain"

5  throughout the FAC, that only confounds her allegations, which nonsensically read:

6  Defendants "obtain[ed] the printing of intellectual property" or "stopp[ed] the

7  printing of intellectual property."  *See id.* ¶ 158.  Regardless of how McGowan tries

8  to wordsmith those sentences, Defendants did not and could not ***take*** any money or

9  property in connection with any efforts to convince reporters not to write

10  unflattering articles about Weinstein.  Therefore, their actions cannot amount to a

11  wire fraud.

12        In short, because McGowan has not sufficiently alleged any violation of the

13  wire fraud statute, or any other RICO predicate act, through her claims that the

14  Defendants attempted to convince journalists not to write negative stories about

15  Weinstein, her RICO claims again fail as a matter of law.

16         **2.**     **McGowan Lacks RICO Standing Because She Has Not**

17                **Sustained an Injury to Her Business or Property Directly**
              **Caused by the Racketeering Conduct She Alleges.**

18      "[T]o state a claim under civil RICO, a plaintiff is required to show that a

19  RICO predicate offense 'not only was a "but-for" cause of his injury, but was the

20  proximate cause as well.'"  *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9

21  (2010); *Rezner v. Bayerishche Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th

22  Cir. 2010) ("To have standing under civil RICO, [a plaintiff] is required to show that

23  the racketeering activity was both a but-for cause and a proximate cause of his

24  injury.").  As this Court has recognized, courts have imposed a "***stringent proximate***

25  ***causation requirement***" in RICO cases.  *Prime Partners IPA of Temecula, Inc.*,

26  2012 WL 1669726 at *8 (emphasis added).

27        Meeting this stringent proximate causation requirement "requires 'some direct

28  relation between the injury asserted and the injurious conduct alleged.' . . .  A link

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

13

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

that is 'too remote,' 'purely contingent,' or 'indirect' is insufficient." *Hemi Group, LLC*, 559 U.S. at 9. "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation ***led directly*** to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 F.3d 451, 461 (2006) (emphasis added); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008). An "injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)." *Beck*, 529 U.S. at 505.

As explained above, McGowan's new allegations in the FAC do not allege conduct that amounts to wire fraud or any other RICO predicate act. This necessarily means McGowan has not alleged any purported harm that was directly caused by any newly-alleged racketeering activity. And with respect to McGowan's remaining original allegations—which concern "a singular plan and purpose regarding McGowan and her book" (*see* Order at 11-12)—she fails to plead any direct causal connection between the alleged racketeering activity and the injuries she claims to have sustained. For instance, McGowan offers no facts to explain how any purported act of deception by Black Cube directly resulted in any "lost commercial opportunities" for her, impacted her book sales, or damaged business relationships she had with others.[4] Independent of the claims' other failures, because McGowan has not alleged any injury directly caused by the racketeering conduct she alleges, her RICO claims fail.

---

[4] To the extent McGowan can even theoretically tie any of her claimed injuries to racketeering conduct she alleges (*i.e.*, a claim she suffered emotional distress upon learning Black Cube allegedly spied on her), those injuries are not cognizable under RICO. *Berg v. First State Ins. Co.*, 915 F.2d 460, 463-64 (9th Cir. 1990) (personal injuries, including emotional distress, that result in pecuniary losses, are not compensable under RICO). Moreover, financial losses that are derivative of such injuries (*i.e.*, McGowan's claims that she "sold her home in Hollywood to pay fees and costs associated with recovering from the trauma Defendants caused" (FAC ¶ 152)) do not provide standing under RICO. *Doe v. Roe*, 958 F.2d 763, 766 (7th Cir. 1992) (plaintiff who claimed to have suffered financial losses compensable under RICO, including "expenses for increased personal security," lacked standing, as such expenses were "derivative" of her lost sense of security and thus "reflect[ed] personal injuries which are not compensable under RICO").

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

### 3. McGowan Has Not Alleged Facts Showing the BSF Defendants Operated or Managed a Racketeering Enterprise.

As a matter of law, legal professionals like the BSF Defendants cannot be liable under RICO unless McGowan can allege specific facts showing they (1) assumed a role within a racketeering enterprise apart from providing legal services to the enterprise; and (2) "operated" or "managed" (or "directed" and "controlled") the affairs of the enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 184-85 (1993). McGowan has not made such a showing, and thus her RICO claims as to the BSF Defendants fail.

In *Reves*, the Supreme Court held that professionals who are merely employed by or associated with an alleged RICO enterprise cannot be held liable under RICO unless they participate in the "operation" or "management" of the enterprise in some way beyond providing their professional services to the enterprise. *Id.* The Ninth Circuit has followed *Reves* by recognizing that providing professional services cannot subject an attorney to RICO liability unless the attorney "directed or controlled" a RICO enterprise. *See Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008) (affirming dismissal of RICO claim brought against an attorney where the facts pled did not show the attorney played a role in the management or operation of the alleged enterprise); *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993) (affirming dismissal of RICO claim against an attorney who drafted letters and agreements as part of an alleged conspiracy because the plaintiff failed to plead facts sufficient to show the attorney directed or controlled the alleged RICO enterprise); *Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants, S.R.L.*, 832 F. Supp. 585, 591-92 (E.D.N.Y. 1993) (no RICO liability where an attorney provided legal services to advance a fraudulent scheme but did not "lead, run, manage, or direct" the scheme).

Here, the crux of McGowan's RICO claims against the BSF Defendants is that they contracted with an investigative firm at the behest and on behalf of a client

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

15

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

and administered the payments due to that firm under a contract, adding that the BSF Defendants "knew" about Weinstein's "legal settlements" and "met with" a reporter on Weinstein's behalf, and "met with the District Attorney's office" regarding one sexual assault victim.  FAC ¶¶ 29, 33.  Significantly, these are all acts lawyers routinely undertake on behalf of clients.  Apart from a single, conclusory allegation asserting that the BSF Defendants "provided strategic non-legal advice" to Black Cube of some unknown sort at some unknown time and for some unknown purpose (*id.* ¶ 160(b)), McGowan offers no allegation that the BSF Defendants operated or managed the alleged RICO enterprise.  Her RICO claims therefore fail.

### 4.    McGowan's RICO Conspiracy Claim Also Fails.

As this Court found in its December 7 Order, "[b]ecause McGowan fails to plead the elements of a substantive RICO offense, her RICO conspiracy claim . . . fails as well."  Order at 14.  *See also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) ("Plaintiffs cannot claim that a conspiracy to violate RICO [pursuant to 18 U.S.C. § 1962(d)] existed if they do not adequately plead a substantive violation of RICO.").  Accordingly, since McGowan's substantive RICO claim is fatally deficient, her RICO conspiracy claim must fail as well.

### B.    McGowan's Amended CDAFA Claim Fails to Plead "Access" Sufficiently.

In her original complaint, McGowan alleged a violation of California Penal Code Section 502(c)(1) (mislabeled as a violation of the California *Civil* Code), claiming that Defendants "reviewed excerpts of [her] book" and "t[ook] information" from her computer.  Compl. ¶¶ 194-95.  Dismissing her prior claim, this Court held that McGowan failed to allege that Defendants "alter[ed]," "damage[d]," "delete[d]," or "destroy[ed]" McGowan's unpublished manuscript as required to trigger liability under Section 502(c)(1) because "viewing and copying are categorically distinct from altering and destroying."  Order at 24-25.

McGowan amended her complaint to allege unlawful computer access under

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

16

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1   different subsections of Section 502—this time under Sections 502(c)(2) and (c)(7)

2   (again misidentifying these as violations of the California *Civil* Code), speculating

3   that her computer was "accessed" by people working for Black Cube.  McGowan's

4   speculation in this regard is not supported by anything more than "labels and

5   conclusions," and certainly does not constitute facts establishing a violation of

6   Section 502.  Accordingly, this claim should be dismissed, this time with prejudice.

7        Section 502 is designed to safeguard against "tampering, interference,

8   damage, and unauthorized access to lawfully created computer data and computer

9   systems."  Cal. Penal Code § 502(a).  A key element of Section 502 is "accessing" a

10  computer: Section 502(c)(2) applies to one who "[k]nowingly ***accesses*** and without

11  permission takes, copies, or makes use of any data from a computer, computer

12  system, or computer network," *id.* § 502(c)(2) (emphasis added), and Section

13  502(c)(7) prohibits "[k]nowingly and without permission ***access[ing]*** or caus[ing] to

14  be ***accessed*** any computer, computer system, or computer network."  *Id*. § 502(c)(7)

15  (emphasis added).

16       Section 502 defines "access" as "to gain entry to, instruct, cause input to,

17  cause output from, cause data processing with, or communicate with, the logical,

18  arithmetical, or memory function resources of a computer, computer system, or

19  computer network."  *Id*. § 502(b)(1).  The Ninth Circuit instructs that "access"

20  "includes logging into a database with a valid password and subsequently taking,

21  copying, or using the information in the database improperly."  *United States v.*

22  *Christensen*, 828 F.3d 763, 789 (9th Cir. 2015).  Courts have required pleadings to

23  satisfy these definitions of "access" to state a Section 502 violation.[5]

24

25  [5] *See, e.g.*, *Henry Schein, Inc. v. Cook*, 2017 WL 783617, at *5 (N.D. Cal. Mar. 1, 2017) (Section
    502 violation properly alleged where defendant logged onto computer system after her termination

26  to access ordering and sales information, and "'copied and/or made use of'" the information

27  without permission); *New Box Sols., LLC v. Davis*, 2018 WL 4562764, at *9-10 (C.D. Cal. Sept.
    18, 2018) (plaintiff sufficiently pled Section 502 violation by alleging one former employee

28  "'erased his laptop computer, deleted his phone and logs from the internal phone system, and

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

17
DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1    Here, McGowan alleges that Defendants "accessed" her computer three

2   times:[6]  *First*, at a May 13, 2017 meeting at a Los Angeles-area hotel, where,

3   according to McGowan, Filip "accessed and made use of data from McGowan's

4   computer when Filip *reviewed excerpts* of [her] book on McGowan's computer"

5   and where McGowan <u>allowed</u> Filip to "*hold and look at* information on

6   McGowan's computer" (FAC ¶ 202 (emphasis added)); *second*, on or around July

7   19, 2017, in New York, where McGowan speculates that Filip "knowingly accessed

8   McGowan's computer again, without permission, wrongfully to take information

9   from the computer, including portions of McGowan's unpublished book" (*id*. ¶

10   203); and *finally*, on September 22, 2017, at a Los Angeles-area hotel, where

11   McGowan says she met with Filip and Laurent and "had her laptop with her during

12   that meeting" and therefore "believes that Defendants knowingly accessed

13   McGowan's computer again." *Id*. ¶ 204.

14    None of these incidents sufficiently pleads "access" under Section 502.  The

15   May 2017 allegation fails because physically "holding" a computer and "looking at"

16   information on its screen does not constitute "access" under Section 502, as such

17   conduct did not require any interaction with the internal workings of McGowan's

18   computer at all, including any "logical, arithmetical, or memory function resources."

19

20   locked down his desktop computer,'" others "retained their [company] laptops following their
terminations and made backup copies of, and then deleted, all data on the laptops prior to returning

21   them," and another "'fully backed up his [company] laptop computer to a private server in his
home'"); *Satmodo, LLC v. Whenever Commc'ns, LLC*, 2017 WL 6327132, at *5 (S.D. Cal. Dec. 8,

22   2017) ("access" under Section 502 properly alleged where defendant "'logg[ed] onto the search
engine website'" and "'produc[ed] invalid clicks on Plaintiff's paid advertisements appearing on

23   search engine pages, which resulted in the redirection of Defendants' to Plaintiff's website and
servers'").

24
[6] McGowan also alleges that Defendants acted "without permission" in allegedly "accessing" her
25   computer.  FAC ¶¶ 199, 201-02.  But in the only computer "access" incident McGowan describes
with any specificity—and the only one for which she provides any facts beyond the mere presence

26   of people and her computer at a meeting—she admits the opposite (*e.g*., at the May 13, 2017
meeting, McGowan "*granted Filip permission* during that instance to hold and look at

27   information on McGowan's computer," *id*. ¶ 202 (emphasis added)).  And even in that instance
she does not factually allege "access" as required by statute.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   McGowan's allegation that in July 2017 she had her computer at a meeting and that

2   Filip "knowingly accessed [it] . . . to take information" substitutes rank, conclusory

3   speculation in favor of pleading facts that show "access."[7]  And McGowan's claim

4   about the September 2017 meeting—that she "had her laptop with her during that

5   meeting" and therefore "*believes* that Defendants knowingly accessed [her]

6   computer" (FAC ¶ 204)—fails to provide *any* facts establishing that there was any

7   access to her computer, including when, where, and how it occurred.

8          The Court was clear when dismissing most of the claims in McGowan's

9   initial complaint: she must plead *facts* to support any conclusions she alleges, and

10  the Court "need not accept merely conclusory allegations as true."  Order at 6-7, 10;

11  *see also Twombly,* 550 U.S. at 555 (a plaintiff must support her conclusions with

12  factual allegations sufficient to "raise a right to relief above the speculative level").[8]

13  Yet McGowan has not pled any facts to support her bald conclusion about

14  Defendants' alleged "access" to her computer in July and September 2017, and the

15  facts she suggests regarding the May 2017 meeting do not meet the definition of

16  access.  Having twice failed to plead her Section 502 claim properly, it should now

17  be dismissed with prejudice.

18      **C.    McGowan's Amended IIED Claim Fails to Establish a Cause of
            Action Within the Statute of Limitations.**

19

20  _____

21  [7] The complaint's allegations show the July 19 meeting occurred in New York, not California.
    FAC ¶ 122.  As the BSF Defendants set forth in their Motion to Dismiss McGowan's initial
22  complaint (Mot. at 22, n.15), California law presumes the legislature "did not intend the statutes of
    this state to have force or operation beyond the boundaries of the state."  *Norwest Mortg., Inc. v.*
23  *Superior Court,* 72 Cal. App. 4th 214, 222 (1999).  Accordingly, "unless the legislature explicitly
    states otherwise, 'if the liability-creating conduct occurs outside of California, California law
24  generally should not govern that conduct.'"  *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035,
    1047 (C.D. Cal. 2019).  This principle applies to alleged violations of Section 502.  *Id.* at 1047-48
25  (dismissing Section 502 claims where none of the alleged computer hacking occurred in
    California).  Thus, McGowan cannot successfully allege a violation of Section 502 based on
26  conduct that occurred in New York.

27  [8] This is especially true because McGowan's Section 502 claim "'sound[s] in fraud'" and is thus
    subject to Rule 9(b)'s heightened pleading standard.  *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at
28  *5 (N.D. Cal. Nov. 20, 2020).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

19

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1    In her original complaint, McGowan alleged a sprawling IIED claim,

2  claiming that Defendants "l[ied] to her," "s[ought] to gain and abuse her trust,"

3  "scuttled her projects . . . and push[ed] her to the margins," "ke[pt] negative

4  information about Weinstein from becoming public," "maligned her to reporters . . .

5  to discredit her," and, in a separate criminal matter, caused her to "abandon her

6  Weinstein-related defense" to a narcotics possession charge on the advice of a

7  lawyer who later worked for Weinstein.  Compl. ¶¶ 204-05, 207, 209.  McGowan

8  further claimed she learned "in connection with [Ronan Farrow's] November 6,

9  2017 *New Yorker* article," that "Filip was actually a Black Cube agent, working

10  against McGowan," "that she had been recorded without her consent and that those

11  audio files had made their way to Weinstein," and "that Weinstein had tried and

12  succeeded to steal *Brave* before its publication."  *Id*. ¶ 124.

13    The Court dismissed McGowan's IIED claim, finding it was "untimely on its

14  face" because McGowan filed her complaint on October 23, 2019, but her claim

15  "relie[d] on actions that occurred before October 23, 2017."  Order at 29.  The

16  Court, noting that McGowan's comments were included in the article, found that the

17  *New Yorker* article "clearly shows McGowan learned of Defendants' conduct prior

18  to the Article's publication."  *Id*. at 29-30.

19    McGowan's core IIED claims have not changed (*see* FAC ¶¶ 209-10, 212,

20  214), but she now claims that on November 5 (the day before the article was

21  published) or November 6, 2017 (the day the article was published), she first learned

22  Filip was "a Black Cube agent" "from Farrow and the magazine's fact checkers."

23  *Id*. ¶ 143; *see also* ¶¶ 145, 218.  This is not nearly enough to bring her claim within

24  the statute of limitations because McGowan's new "delayed discovery" allegations

25  address only a narrow subset of the bases on which she brings her IIED claim.

26    In actions in which the delayed discovery rule may apply, the statute of

27  limitations period begins to run once the plaintiff has notice of the facts that form

28  the basis of the claim.  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

(2005).  Notice may be actual or constructive, and inquiry notice is triggered by "suspicion."  *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988) ("Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights.  So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her").  Furthermore, ignorance of the identity of the defendant does not justify invoking the delayed discovery rule.  *Id.* at 1114 (collecting cases).

Here, McGowan's new "delayed discovery" allegations address only when and how McGowan supposedly learned Filip's identity, ignoring that her IIED claim is based on far more expansive conduct.  *See* FAC ¶ 210 (Weinstein "caused her projects to be scuttled and used his relationships and leverage to push her to the margins"); *id*. ¶ 212 (Defendants "maligned her to reporters who were on Weinstein's trail in an effort to discredit her").  McGowan does not mention, let alone specify, when or how she discovered these alleged facts.  Thus, her amended IIED claim is still time-barred and should be dismissed, this time with prejudice.

### D.   McGowan's Amended Negligent Hiring and Supervision Claim Fails to Plead Liability Sufficiently.

In her original complaint, McGowan alleged that the BSF Defendants had a duty to "properly" hire and supervise Black Cube's activities and that the BSF Defendants breached that duty in retaining Black Cube because BSF knew or should have known that Black Cube "would use illegal and unethical tactics to accomplish the engagement."  Compl. ¶ 219.  To support this claim, McGowan alleged in conclusory terms that Black Cube "was widely known to use former intelligence operatives who would use illicit tools to achieve nefarious objectives."  *Id*.; *see also* ¶ 37 (alleging, without citation to any facts, that "it was well known that Black Cube played dirty and used illegal and unethical tactics").[9]

---

[9] As with McGowan's IIED claim, this Court dismissed her original negligent hiring claim because it was untimely on its face and because McGowan failed to plead facts sufficient to

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1    The FAC did nothing to cure the substantive deficiencies in the original

2  negligent hiring claim the BSF Defendants identified in their Motion to Dismiss.

3  Dkt. No. 35 at 24-25.  A viable claim for negligent hiring and supervision must

4  allege that: (1) the defendant had a duty to hire/supervise properly and failed in that

5  duty, and (2) the negligent hiring and supervision was the proximate cause of a

6  foreseeable harm.  *See Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133,

7  1139-40 (2009).  McGowan fails again to adequately plead these elements.

8    Instead, McGowan baldly alleges that the BSF Defendants negligently hired

9  Black Cube because it was "widely known" it used "former intelligence operatives

10  who would use illicit tools to achieve nefarious objectives."  FAC ¶ 225.  Yet she

11  supplies no facts to support the conclusory statement this was supposedly a widely

12  known "fact" the BSF Defendants should have known or that the BSF Defendants

13  should somehow have known that some unspecified "public information" existed

14  somewhere that Black Cube was "under investigation for using illegal methods."  *Id*.

15  ¶ 47.  A conclusory assertion that something was "widely known" does not state a

16  negligent hiring claim.  *Federico v. Superior Court (Jenry G.)*, 59 Cal. App. 4th

17  1207, 1214 (1997) (negligent hiring claim does not exist unless employer knows or

18  should know *facts* that would warn a reasonable person the employee presents an

19  undue risk of harm).  And where the contracts engaging Black Cube explicitly stated

20  that law firms had vetted its techniques and that required a guarantee from Black

21  Cube that it would only engage in lawful activity, FAC ¶ 47, the missing factual

22  allegations to support McGowan's bald conclusions are particularly inappropriate.

23    In addition, McGowan fails to identify the specific harm Black Cube posed

24  that the BSF Defendants should have foreseen.  California courts require a close

---

25  establish that the delayed discovery rule applied.  Order at 31.  While McGowan's amended
26  complaint adds the claim that she "first learned of the actions that form the basis of this claim in
   November 2017 (with respect to Weinstein, Black Cube and the Boies defendants) and in
27  September 2019 (with respect to the Bloom defendants) . . . [and] was not reasonably able to
   discover this information sooner") (FAC ¶ 232), this new conclusory "delayed discovery"
28  allegation is insufficient for the reasons set forth above.  *See supra* Section III.C.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

nexus between an identifiable risk of harm a potential hire poses and the harm the hire causes. *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054-55 (1996) (affirming dismissal of negligent hiring and supervision claim where plaintiff failed adequately to allege the employer "knew or should have known that hiring the employee created ***a particular risk*** or hazard and ***that particular harm*** materialize[d]") (emphasis added).  McGowan fails to supply this "close nexus," relying instead on generic references to "public information" about Black Cube's alleged use of "illicit tools" and "nefarious objectives."  Again, such "labels and conclusions" are not sufficient to state a claim sufficient to defeat a motion to dismiss.  Order at 7.  McGowan's failure to provide sufficient ***facts*** to support her negligent hiring claim is fatal to that claim, and it should be dismissed with prejudice.

**E.     The Court Should Dismiss Claims 1, 2, 6, 7, and 8 With Prejudice.**

A district court may deny leave to amend when a plaintiff "fail[s] to remedy the deficiencies" or when amendment would be futile.  *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017) (when plaintiff has already been granted leave to amend, but amended complaint failed to remedy identified deficiencies, district court did not abuse discretion in concluding that any further amendment would be futile); *Rich v. Shrader*, 823 F.3d 1205, 1209 & n.4 (9th Cir. 2016) (when a district court has already afforded a plaintiff an opportunity to amend, it has "wide discretion" in refusing leave for further amendment).  Dismissal without leave to amend is also proper "[i]f the district court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir.), *amended,* 856 F.2d 111 (9th Cir. 1988) (affirming denial of leave to amend plaintiff's fraud claims where defendant's representations "could not" constitute a misrepresentation under any circumstances).  McGowan has again failed to properly plead Claims 1, 2, 6, 7, and 8, this time in the face of clear guidance from the Court addressing why her claims, as initially pled,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

23

DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS

1   were deficient.  In light of this, there is every indication further amendment would

2   be futile, and this Court should dismiss McGowan's claims with prejudice.

3   **F.     Given McGowan's Failure to Properly Plead Any Federal Claim, This Court Should Decline to Exercise Supplemental Jurisdiction Over Any of Her Surviving State-Law Claims.**

5   The above points make clear that McGowan's attempt to turn her grievances

6   into a federal case should fail, as her misplaced RICO claims—the sole federal

7   claims she asserts—are deficient for multiple, independent reasons.  Given the

8   absence of any viable federal claim, this Court should decline to exercise

9   supplemental jurisdiction over her remaining state-law claims.[10]

10   As the Supreme Court has held, when "the federal-law claims have dropped

11   out of [a] lawsuit in its early stages and only state-law claims remain, the federal

12   court should decline the exercise of jurisdiction by dismissing the case without

13   prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded*

14   *on other grounds by* 28 U.S.C. § 1447(c).  In determining whether to exercise

15   supplemental jurisdiction over such state claims, a court should "consider and weigh

16   in each case, and at every stage of the litigation, the values of judicial economy,

17   convenience, fairness, and comity." *Id.*  "'[I]n the usual case in which all federal-

18   law claims are eliminated before trial, the balance of factors . . . will point toward

19   declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v.*

20   *Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented*, 121 F.3d

21   714 (9th Cir. 1997), *as amended* (Oct. 1, 1997).[11]

22

23   _____

24   [10] Indeed, in an implicit acknowledgment this case does not belong in federal court, McGowan has recently asserted that her two California state-law fraud claims are the crux of this action.  Dkt.

25   No. 73 (representing to the Court: "The core allegations of the entire suit, which sound in fraud, survived.  Those include Counts 4 (fraudulent deceit) and 5 (common law fraud).").

26   [11] In a similar case resulting in dismissed RICO claims, this Court used its discretion and declined

27   to exercise jurisdiction over supplemental state-law claims.  *Prime Partners IPA of Temecula, Inc.*, 2012 WL 1669726 at *4 ("Because Plaintiffs fail to state a RICO claim, the Court declines to

28   exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims"); *Cordas v. HSBC Bank USA, N.A.*, 2011 WL 13227783, at *4 (C.D. Cal. May 13, 2011) (same).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

The key factors here all weigh heavily against this Court exercising supplemental jurisdiction over McGowan's state claims.  This case is in its earliest stage and "[j]udicial economy weighs in favor of dismissing state law claims when federal claims disappear well before trial, because doing so conserves judicial resources."  *Lenk v. Monolithic Power Sys., Inc.*, 2017 WL 4586832, at *2 (N.D. Cal. June 1, 2017), *report and recommendation adopted*, 2017 WL 4581716 (N.D. Cal. June 20, 2017); *Rosenblatt v. City of Santa Monica*, 2017 WL 2909404, at *2 (C.D. Cal. May 24, 2017), *aff'd*, 940 F.3d 439 (9th Cir. 2019) (dismissing plaintiff's remaining state-law claims after granting defendants' motion to dismiss as to the federal claims).  And California offers an adequate forum for McGowan's claims, so "[d]eclining to exercise [supplemental] jurisdiction does not . . . create inconvenience or unfairness."  *Lenk*, 2017 WL 4586832 at *3.  Finally, "dismissal promotes comity by allowing the California courts to interpret state law concerning the state law claims in the first instance."  *E.G. by & through Lepe v. Maldonado*, 2014 WL 5472654, at *11 (N.D. Cal. Oct. 28, 2014).  Accordingly, this Court should decline to exercise supplemental jurisdiction over any state claims that remain in this case and should dismiss this action in its entirety.

## IV.   CONCLUSION

For each of the foregoing reasons, the Court should dismiss McGowan's First, Second, Sixth, Seventh, and Eighth causes of action, decline to exercise jurisdiction over her two remaining state-law claims, and dismiss the action in its entirety.

DATED:  March 23, 2021          KENDALL BRILL & KELLY LLP


                               By:      s/Janet I. Levine
                                   Janet I. Levine
                                   Attorneys for Defendants David Boies
                                   and Boies Schiller Flexner LLP

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

25
DEFENDANTS DAVID BOIES AND BOIES SCHILLER FLEXNER LLP'S MOTION TO DISMISS