Julie B. Porter (admitted *pro hac vice*)
porter@sppplaw.com
Andrew C. Porter (admitted *pro hac vice*)
aporter@sppplaw.com
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
1010 Davis St.
Evanston, IL 60201
T: (312) 283-5711 / F: (312) 724-8353

Jennifer B. Salvatore (admitted *pro hac vice*)
salvatore@sppplaw.com
Sarah S. Prescott (CA Bar No. 231753)
prescott@sppplaw.com
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 E. Main St.,
Northville, MI 48167
T: (248) 679-8711 / F: (248) 773-7280

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSE MCGOWAN, <br><br> Plaintiff, <br><br> v. <br><br> HARVEY WEINSTEIN, et al., <br><br> Defendants. | Case No. 2:19-cv-09105-ODW (GJS) <br><br> **PLAINTIFF'S SUPPLEMENTAL BRIEF** |

SALVATORE PRESCOTT PORTER & PORTER, PLLC, attorneys for Plaintiff Rose McGowan, submit this supplemental brief, as follows:

1.     Plaintiff filed her Complaint in this matter in October 2019. [ECF No. 1] Defendants moved to dismiss, and on December 7, 2020, this Court granted the motions in part, permitting Plaintiff time to amend. [ECF No. 66] Plaintiff filed her First Amended Complaint on January 22, 2021. [ECF No. 69] Defendants again moved to dismiss, and on November 9, 2021, this Court granted the motions in part. [ECF No. 92] The Court gave Plaintiff two weeks to file a supplemental brief answering questions about whether she would again amend the Complaint; if so, how; and about supplemental jurisdiction. [*Id.*]

2.     Since receiving the Court's ruling, undersigned counsel has diligently endeavored to communicate with Plaintiff about the Court's questions. Plaintiff did not authorize undersigned counsel to take any positions on the questions the Court posed. Undersigned counsel cannot submit a filing answering the Court's questions without guidance and permission from Plaintiff. In hopes that— with more time to consider the impact of the Court's ruling—Plaintiff would provide such guidance and permission, undersigned counsel asked defense counsel to stipulate to additional time for Plaintiff to submit her supplemental brief. Defense counsel agreed to one additional week, and the parties filed a stipulation to that effect. [ECF No. 93]

3.     Undersigned counsel continued to endeavor to communicate with Plaintiff about this matter, including the position to be taken in the supplemental brief ordered by the Court. On November 23, 2021, Plaintiff communicated to undersigned counsel that she was terminating the attorney-client relationship, effective immediately, and that Plaintiff no longer authorizes undersigned counsel to represent her. Undersigned counsel provided, and Plaintiff signed, withdrawal forms, which undersigned counsel promptly filed with the Court. [ECF Nos. 95, 96]

4. Because this Court has denied the Requests to Withdraw, Plaintiff's counsel files this supplemental brief in accordance with the Court's Order. [ECF No. 97]

5. Plaintiff has made clear that she no longer authorizes undersigned counsel to represent her in this matter. Counsel therefore must withdraw from the representation pursuant to California Rule of Professional Conduct 1.16(a), and the professional-responsibility rules of the jurisdictions where counsel are licensed. Undersigned counsel are separately filing a renewed motion to withdraw as attorneys for Plaintiff. In support of that motion, undersigned counsel will submit a declaration attesting to the facts set forth here.

6. Under the circumstances, undersigned counsel is not authorized to answer the questions the Court has posed to Plaintiff. Undersigned counsel respectfully suggests that this Court permit Plaintiff 60 days to submit answers to the Court's questions.

7. Undersigned counsel has relayed this Court's Order [ECF No. 97] and advised her of this filing via email.

DATED: November 24, 2021    SALVATORE PRESCOTT PORTER & PORTER, PLLC

By: _____s/ Julie B. Porter_____
Julie B. Porter
Attorney for Plaintiff Rose McGowan